**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELSA ORELLANA-SOMOZA, | No. 14-73213 |
| Petitioner, | Agency No. A077-129-376 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Elsa Orellana-Somoza, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order denying her

motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Orellana-Somoza does not raise, and therefore has waived, any challenge to the BIA's dispositive determination that her motion to reopen was untimely. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in an opening brief are waived). Orellana-Somoza's contention that the BIA failed to adequately explain its decision is not supported by the record. *See Najmabadi*, 597 F.3d at 990 (9th Cir. 2010) (what is required is that the BIA adequately considered evidence and sufficiently announced its decision).

To the extent Orellana-Somoza challenges the BIA's decision not to invoke its sua sponte authority to reopen, we lack jurisdiction over that contention. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

We lack jurisdiction to consider Orellana-Somoza's contentions challenging the BIA's April 16, 2002, order denying her claims for asylum, withholding of removal, and relief under the Convention Against Torture because this petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal.").

14-73213

We do not consider the extra-record evidence submitted for the first time with Orellana-Somoza's opening brief because the court's review is limited to the administrative record.  *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based[.]").

In light of this disposition, we need not address Orellana-Somoza's remaining contentions regarding cancellation of removal.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**